```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NEW JERSEY CARPENTERS HEALTH FUND,        :
NEW JERSEY CARPENTERS VACATION FUND       :
And BOILERMAKER BLACKSMITH NATIONAL       :
PENSION TRUST, on Behalf of Themselves and All  :
Others Similarly Situated,                :
                                          :
                                          :
            Plaintiffs,                   :
                                          :       08 CV 8781 (HB)
      - against -                         :
                                          :
RESIDENTIAL CAPITAL, LLC, et al.,         :
                                          :
            Defendants.                   :
                                          :
------------------------------------------------------------------------x   OPINION AND ORDER
NEW JERSEY CARPENTERS VACATION FUND       :
And BOILERMAKER BLACKSMITH NATIONAL       :
PENSION TRUST, on Behalf of Themselves and All  :
Others Similarly Situated,                :
                                          :
            Plaintiffs,                   :
                                          :       08 CV 5093 (HB)
      - against -                         :
                                          :
THE ROYAL BANK OF SCOTLAND GROUP, PLC,    :
et al.,                                   :
                                          :
            Defendants.                   :
------------------------------------------------------------------------x
```

**Hon. Harold Baer, Jr., District Judge:**

Before this Court are motions submitted by Defendants in two cases, 08 Civ. 5093 (the "Harborview" case) and 08 Civ. 8781 (the "RALI" case) (respectively, "Harborview Defendants" and "RALI Defendants") to reconsider this Court's January 3, 2013 and April 30, 2013 Orders. Defendants argue that the Second Circuit's decision in *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.,* 721 F.3d 95 (2d Cir. June 27, 2013) ("*IndyMac*") constitutes a significant change in controlling law. I agree. Consequently, and for the reasons set forth below, Defendants' motions to reconsider are GRANTED in part and DENIED in part.

## Background

In both cases, Plaintiffs assert claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2) & 77o, alleging that Defendants made false and

1

misleading statements in the offering documents of certain mortgage-backed securities ("MBS"). Background regarding the creation and sale of the securities at issue is available in my prior Opinions, familiarity with which is presumed. *See, e.g., N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08 Civ. 8781, 2010 WL 1257528, (S.D.N.Y. Mar. 31, 2010); *N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC*, No. 08 Civ. 5093, 720 F. Supp. 2d 254 (S.D.N.Y. Mar. 26, 2010). Defendants' present motions to reconsider stem from the Court's prior denial of Defendants' motions to dismiss Intervenors' claims,[1] *N.J. Carpenters Health Fund v. Residential Capital, LLC*, 288 F.R.D. 290, 291 (S.D.N.Y. 2013), the Court's reinstatement of certain offerings under *NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.,* 693 F.3d 145 (2d Cir.2012)(*"NECA"), N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781 HB, 2013 WL 1809767 (S.D.N.Y. Apr. 30, 2013), and on this circuit's decision in *IndyMac* which provides a change in controlling law.

In the Harborview case, the First Amended Complaint asserted claims on behalf of the purchasers of certificates in 15 different offerings issued between April 2006 and October 2007, based on two Registration Statements. In the RALI case, the First Amended Complaint asserted claims on behalf of the purchasers of certificates in 59 different offerings issued in the period between March 2006 and October 2007, also based on two Registration Statements. However, Lead Plaintiffs in both cases had purchased certificates in only some of the offerings. In March 2010, I held that Lead Plaintiffs had standing with respect to only those offerings whose certificates they had purchased, and I dismissed all but two Harborview offerings[2] and four RALI offerings.[3] 720 F. Supp. 2d at 266; 2010 WL 1257528, at *4.

In July 2010, the Harborview Intervenors moved to intervene, asserting the validity of claims based on six previously dismissed offerings.[4] At the same time, the RALI Intervenors moved

---

[1] In the Harborview case, Intervenors are Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Counsel of Chicago, Midwest Operating Engineers Pension Trust Fund and Iowa Public Employees' Retirement System (collectively, "Harborview Intervenors"). In the RALI case, the Intervenors are Iowa Public Employees' Retirement System, Midwest Operating Engineers Pension Trust Fund, Orange County Employees Retirement System and Police and Fire Retirement System of the City of Detroit (collectively, "RALI Intervenors").

[2] Lead Plaintiff New Jersey Carpenters had purchased certificates in the Harborview 2006-4 offering, and Lead Plaintiff Boilermaker Blacksmith National Pension Trust had purchased certificates in the Harborview 2007-7 offering.

[3] Lead Plaintiffs New Jersey Carpenters' Health Fund, New Jersey Carpenters' Vacation Fund, and Boilermaker Blacksmith National Pension Trust had purchased certificates in the following RALI offerings: RALI 2006-QO7, 2007-QS1, 2007-QH4, and 2007-QO4.

[4] Harborview Intervenors had purchased certificates in the following offerings: Harborview 2006-7, 2006-9, 2006-10, 2006-11, 2006-12, and 2006-14.

to intervene based on six dismissed offerings.[5] I granted the movants' motions to intervene in December 2010, which effectively revived the claims based on some of the dismissed offerings. *N.J. Carpenters Health Fund v. Residential Capital, LLC*, Nos. 08 Civ. 8781 & 08 Civ. 5093, 2010 WL 5222127, at *7 (S.D.N.Y. Dec. 22, 2010).  In both cases, Lead Plaintiffs' and Intervenors' complaints were subsequently consolidated and amended in January 2011 to name Intervenors as Plaintiffs.

On January 3, 2013, the Court denied the Defendants' motions in both cases to dismiss the Intervenors' claims based on the statute of repose, as well as Plaintiffs' motions to reconsider the Court's March 2010 dismissal of certain offerings based on *NECA*, but without prejudice to renewal if the Supreme Court denied the petition for certiorari, *N.J. Carpenters Health Fund v. Residential Capital*, LLC, No. 08 Civ. 8781, 2013 WL 55854 (S.D.N.Y. Jan. 3, 2013), which it did, *NECA*, *cert. denied*, 2013 WL 1091772 (U.S. Mar. 18, 2013) (No. 12-528).  Subsequently, Plaintiffs renewed their motions to reconsider in light of the intervening change in controlling law that *NECA* presented. On April 30, 2103, I granted in part and denied in part Plaintiffs' motions. *N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781 HB, 2013 WL 1809767 (S.D.N.Y. Apr. 30, 2013).  In the Harborview case, I granted Plaintiffs' motion with respect to 12 offerings.  In the RALI case, I found that Plaintiffs had class standing only with respect to the offerings that shared Homecomings Financial Networks, Inc. ("HFN") as an originator and were underwritten by the same defendants: UBS, Citigroup, Goldman Sachs & Co., and GMAC/RFC Securities, the underwriters of the offerings purchased by Lead Plaintiffs, as well as Lehman Brothers and Deutsche Bank AG, the underwriters of the offerings purchased by Intervenors.[6] Consequently, I reinstated 37 of the 55 offerings that had been dismissed in the March 2010 order.

### Discussion

Under Fed. R. Civ. P. 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties rights and liabilities." Although a motion for reconsideration should not be lightly granted, "an intervening change of controlling law" is a

---

[5] RALI Intervenors had purchased certificates in the following offerings: RALI 2006-QS18, 2006-QO9, 2006-QS8, 2007-QS1, and 2007-QO2.  Mississippi Public Employees' Retirement System also filed a motion to intervene, but it was subsequently dismissed from the action. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, Nos. 08 Civ. 8781 & 08 Civ. 5093, 2011 WL 2020260 (S.D.N.Y. May 19, 2011).

[6] I denied class standing for the 16 offerings underwritten by Bank of America/Merrill Lynch, Credit Suisse, JP Morgan/Bear Stearns, Morgan Stanley, or RBS, and found no class standing with respect to RALI 2007-QH1 and RALI 2006-QH1.

ground for exercising the Court's discretion. *Ayazi v. United Fed'n of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir. 2012).

Contrary to this Court's earlier analysis of Plaintiffs' standing, which relied on the tolling principles enunciated in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*"), the Second Circuit held in *IndyMac* that the tolling concept applied there was not applicable to the three year statute of repose in Section 13, nor to the Rule 15(c) "relation back" doctrine. *IndyMac*, 721 F.3d at 101. However, *IndyMac* did not destroy the standing principles established under *NECA*. 721 F.3d at 111 n. 19 ("[O]ur decision today implicates only those claims and defendants as to which [plaintiff] would lack standing under *NECA–IBEW.*")

Plaintiffs urge this Court not to apply *IndyMac* retroactively, or to postpone its application in light of the petition for a writ of certiorari that was filed in *IndyMac* on November 22, 2013. As to Plaintiffs' first argument, it is well settled that I must apply the *IndyMac* holding to this matter because once the circuit applies "a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993). Further, I decline to postpone *IndyMac's* application pending the Supreme Court's decision on the cert petition.

### A. The Harborview Case

The Harborview Defendants request that the Court reconsider its January 3, 2013 decision, in which Defendants' motion to dismiss Intervenors' claims was denied in part based on the tolling principles in *American Pipe*. Specifically, Defendants argue that claims based on four of the offerings currently at issue – the HarborView Mortgage Loan Trust ("HVMLT") 2006-7, 2006-8, 2006-10, and 2006-14 – should be dismissed because no remaining party has standing to assert them. I agree that the 2006-8 and 2006-10 Offerings should be dismissed.

In contrast, the HVLMT 2006-7 and 2006-14 Offerings survive application of *IndyMac* based on their status under *NECA*. These offerings share common originator American Home Mortgage Corporation ("AHM") with the HVMLT 2007-7 Offering purchased by Lead Plaintiff Boilermakers Blacksmith Pension Trust ("Boilermakers"). Although Defendants contend that differing shelf registrations – the HVLMT 2006-6 and 2006-14 Offerings had 2006 shelf registrations while the HVLMT 2007-7 Offering had a 2007 shelf registration – defeat the survival of these claims under *NECA*, this narrow reading of *NECA* is unsupported.

As I explained in my April 30, 2013 opinion, under *NECA*, offerings must share the "same set of concerns" to preserve class standing. *NECA*, 693 F.3d at 149, but nowhere is it written that these "same set of concerns" are destroyed simply because of different shelf registrations. Although the offerings in *NECA* were in fact issued under the same registration statement, there was no language finding that a shared registration statement was an essential element of the "same set of concerns" requirement. Indeed, I rejected the proposition that a common originator was insufficient to satisfy the "same set of concerns" standard enunciated in *NECA*, and noted that *NECA* identified common originators as one source of these common concerns. *N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781 HB, 2013 WL 1809767 (S.D.N.Y. Apr. 30, 2013) ("Defendants also argue that *NECA* is not applicable because there are two different registration statements . . . I am not persuaded by Defendants' arguments that concern the registration statements . . . as Defendants fail to explain why or how those considerations would be relevant under *NECA,* perhaps because they cannot. The Second Circuit in its opinion emphasized the common originators for the 'same set of concerns' analysis.") In a post-*IndyMac* decision, Judge Kaplan reached the same conclusion, holding that *NECA*'s "same set of concerns" requirement could be satisfied even where offerings were "made in different time periods and implicated different loan products" because the offerings "implicate statements and omissions substantially similar to those that Lead Plaintiffs allege to be false or misleading." *In re IndyMac Mortgage-Backed Secs. Litig.*, 09 Civ. 4583, 2013 U.S. Dist. LEXIS 103576 at *8-*10(S.D.N.Y. July 23, 2013). Thus, even applying *IndyMac,* and consistent with my earlier interpretation of *NECA,* HVLMT Offerings 2006-7 and 2006-14 survive because they share common originators with HVLMT Offering 2007-7, thereby satisfying the "same set of concerns" analysis. On the other hand, as noted, HVLMT Offerings 2006-8 and 2006-10 cannot survive because they do not have a common originator with a timely filed claim.

## B. The RALI Case

Similarly, the RALI Defendants request that the Court reconsider both its January 3, 2013 and April 30, 2013 orders in light of the *IndyMac* decision. Specifically, the RALI Defendants argue that the six offerings underwritten by Deutsche Bank AG should be dismissed.[7] Plaintiffs do not dispute that the Deutsche Bank AG offerings cannot survive an application of *IndyMac*. Pls.' Opp. Mem. at 2. It is true that even under *NECA*, Plaintiffs would not have class standing for the

---

[7] The Deutsche Bank AG Offerings include RALI 2006-QS18, RALI 2007-QO2, RALI 2006-QS11, RALI 2006-QS9, RALI 2007-QS4, and RALI 2007-QS-7.

Deutsche Bank AG offerings since none of the original plaintiffs had standing to bring those claims. The RALI Defendants also request that offerings issued by Citigroup and Goldman Sachs & Co. be dismissed. Interestingly, Defendants concede that these claims survive under *NECA*, but suggest that dismissing them now "prevents the need for further intercession by this Court in the event that *NECA* ultimately is overturned or this Court's application of *NECA* in this case is reversed." Defs.' Mem. at 2, n. 4. While I appreciate Defendants' concern for any further extension of this litigation and their noticeable bashfulness at coming to court, these claims will not be dismissed at this juncture. Thus, those offerings issued by Deutsche Bank AG are dismissed, while those issued by Citigroup and Goldman Sachs & Co. survive.

## Conclusion

I have considered the parties' remaining arguments and find them to be without merit. The motions for reconsideration brought by the Harborview Defendants and the RALI Defendants are GRANTED in part and DENIED in part as set out above.

SO ORDERED
December __, 2013
New York, New York

_____
Hon. Harold Baer, Jr.
U.S.D.J.

6