USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-4-14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW JERSEY CARPENTERS VACATION FUND, ET AL., | |
| Plaintiffs, | Civ. No. 08-5093-LAP (DCF) |
| | EXHIBIT B |
| *v.* | |
| THE ROYAL BANK OF SCOTLAND GROUP PLC, ET AL., | |
| Defendants. | |

**ORDER AND FINAL JUDGMENT**

This matter came for hearing on October 28, 2014 at 9:30 a.m. in Courtroom 12A (the "Settlement Hearing"), on the application of Plaintiffs to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation") are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement (the "Settlement") of all claims by Plaintiffs New Jersey Carpenters Vacation Fund, Boilermaker-Blacksmith National Pension Trust, Iowa Public Employees' Retirement System, Midwest Operating Engineers Pension Trust Fund, and Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers District Counsel of Chicago and Vicinity, on behalf of themselves and the Settlement Class, against defendants The Royal Bank of Scotland Group, plc, RBS Financial Products Inc. f/k/a Greenwich Capital Financial Products, Inc., RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc., RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc. d/b/a RBS Greenwich Capital, RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc., Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson and James M. Esposito in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and

1

with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Released Claims.

Due and adequate notice having been given to the Settlement Class as provided in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held in this Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.    As used in this Order and Final Judgment the following terms (together with their cognate forms) have the meanings specified below:

a.    "Action" means the securities class action styled *New Jersey Carpenters Vacation Fund, et al., v. The Royal Bank of Scotland Group, plc, et al.,* No. 08-cv-5093 (S.D.N.Y.) (HB).

b.    "Claim" means a claim submitted by a Settlement Class Member to the Claims Administrator for payment pursuant to the Plan of Allocation.

c.    "Claims Administrator" means Kurtzman Carson Consultants.

d.    "Defendants" means The Royal Bank of Scotland Group, plc, RBS Financial Products Inc. f/k/a Greenwich Capital Financial Products, Inc., RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc., RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc. d/b/a RBS Greenwich Capital, RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc., Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson and James M. Esposito.

e.    "Effective Date" means the earliest date on which all of the events and

2

conditions specified in ¶ 36 of the Stipulation have occurred or have been met.

f.     "Escrow Account" means an escrow account mutually agreeable to the Settling Parties, established, maintained, and controlled by the Escrow Agent, subject to the Court's supervisory authority, into which Defendants shall deposit or cause to be deposited the Settlement Amount.

g.     "Escrow Agent" means The Huntington National Bank or a third party financial services company jointly designated by the Settling Parties to serve as escrow agent.

h.     "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as investment advisors, but of which any Defendant or any of its respective affiliates is not a majority owner or does not hold a majority beneficial interest.

i.     "Litigation Expenses" means the reasonable costs and expenses incurred by Lead Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund. Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

j.     "Notice" means the Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached as Exhibit A-1 to the Stipulation), which was sent to members of the Settlement Class.

k.     "Person" and "Persons" means any individual, corporation, limited

3

liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

l.      "Plaintiffs" means New Jersey Carpenters Vacation Fund, Boilermaker-Blacksmith National Pension Trust, Iowa Public Employees' Retirement System, Midwest Operating Engineers Pension Trust Fund, and Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers District Counsel of Chicago and Vicinity.

m.      "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice. The Plan of Allocation is not part of the Settlement, and the Released Parties have no responsibility for, and no liability with respect thereto.

n.      "Preliminary Approval Order" means the order entered by the Court on July 18, 2014, preliminarily certifying the Settlement Class, preliminarily approving the Settlement, and directing that Notice be provided to the Settlement Class.

o.      "Proof of Claim Form" means the form provided to Settlement Class Members by the Claims Administrator for purposes of submitting a Claim.

p.      "Released Claims" means any and all claims (including "Unknown Claims," as defined in ¶ 1 (w) herein), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, or can, shall or may exist, whether arising under federal, state, common or foreign law or at equity, that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in the Action or in any other proceeding or forum arising

4

from or related in any way to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against any Released Party; provided, however, that "Released Claims" shall not include a claim, if any, filed prior to February 14, 2014 solely and exclusively to the extent such claim asserted contractual repurchase rights with respect to any residential mortgage loan included in any of the following Harborview trusts:  Harborview 2006-4, Harborview 2006-5, Harborview 2006-6, Harborview 2006-7, Harborview 2006-8, Harborview 2006-9, Harborview 2006-10, Harborview 2006-11, Harborview 2006-12, Harborview 2006-14, Harborview 2007-1, Harborview 2007-2, Harborview 2007-5 and Harborview 2007-7 (collectively, the "Harborview Trusts").

      q.    "Released Party" and "Released Parties" means (i) each Defendant and his, her or its parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and (ii) any entity in which any Defendant has a controlling interest, and all of their respective property.

      r.    "Settlement Amount" means two hundred and seventy-five million U.S. dollars ($275,000,000.00).

      s.    "Settlement Class Member" means a person or entity that is a member of the Settlement Class (as defined in ¶ 3 below) and that does not exclude himself, herself or itself by timely filing a request for exclusion pursuant to and in accordance with the requirements set forth in the Preliminary Approval Order.

t.      "Settlement Fund" means the Settlement Amount plus any interest earned thereon after it is deposited into the Escrow Account.

u.      "Settling Parties" means (i) Defendants and (ii) Plaintiffs on behalf of themselves and the Settlement Class (as defined in ¶ 3 below).

v.      "Summary Notice" means the Summary Notice of the pendency of class action and proposed settlement, preliminary approval order, settlement fairness hearing, and motion for an award of attorneys' fees and reimbursement of litigation expenses, substantially in the form attached to the Stipulation as Exhibit A-2, which was published on July 30, 2014, as set forth in the Preliminary Approval Order.

w.      "Unknown Claims" means any and all Released Claims that Plaintiffs and/or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.

2.      This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of the Settlement only, a class (the "Settlement Class") consisting of all Persons who, at any time, purchased or otherwise acquired an interest in any certificate in any of the following Harborview Mortgage Loan Trusts:  Harborview Mortgage Loan Trust Series ("Harborview") 2006-4, Harborview 2006-5, Harborview 2006-6, Harborview 2006-7,

Harborview 2006-8, Harborview 2006-9, Harborview 2006-10, Harborview 2006-11, Harborview 2006-12, Harborview 2006-14, Harborview 2007-1, Harborview 2007-2, Harborview 2007-5 and Harborview 2007-7 (hereinafter the "Certificates"); *except* those Persons that timely and validly requested exclusion from the class pursuant to and in accordance with the terms of the Preliminary Approval Order. Also excluded from the Settlement Class are (i) the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, and the Federal Housing Finance Agency acting as conservator for either such entity; and (ii) each Defendant, their officers and directors at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, *except* for any Investment Vehicle.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of the Settlement, plaintiffs New Jersey Carpenters Vacation Fund, Boilermaker-Blacksmith National Pension Trust, Iowa Public Employees' Retirement System, Midwest Operating Engineers Pension Trust Fund, and Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers District Counsel of Chicago and Vicinity are appointed as Class Representatives of the Settlement Class, and the law firm of Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") is appointed as counsel for the Settlement Class.

5. With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members

predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions therein. The Settling Parties are hereby directed to perform the Settlement's terms.

7.      The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified with reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. A full and fair opportunity was accorded to all Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all members of the Settlement Class, other than those persons and entities who validly and timely requested exclusion from the Settlement Class as listed in Exhibit 1 hereto, are bound by this Order and Final Judgment.

8.      Except as to the individual claims of those persons and entities who have validly

8

and timely requested exclusion from the Settlement Class (identified in Exhibit 1 attached hereto), the Action and all claims contained therein are hereby dismissed on the merits with prejudice as to Plaintiffs and the Settlement Class Members. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all Released Claims, with prejudice and on the merits, whether or not such Plaintiff or Settlement Class Member executes and delivers a Proof of Claim Form. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code (and any other similar provision of law of any other jurisdiction), was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

10.     Upon the Effective Date, Plaintiffs and all other Settlement Class Members, on behalf of themselves and any of their personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors or assigns, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim asserting contractual repurchase (or other "putback") rights with respect to any residential mortgage loan included in any of the Harborview Trusts other than in any action filed prior to February 14, 2014 asserting such claims.

11.     Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, with prejudice and on the merits, against each and all of the Plaintiffs, Settlement Class Members, and their respective counsel employees, successors and assigns.

12.     The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the Settlement Class Members with respect to the truth of any fact alleged by Plaintiffs, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of the Released Parties, Plaintiffs or the Settlement Class Members;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Released Party, Plaintiffs or the Settlement Class Members as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

10

c.       shall not be offered or received against the Released Parties, Plaintiffs or the Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Plaintiffs or Settlement Class Members in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

d.       shall not be construed against the Released Parties, Plaintiffs or the Settlement Class Members as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

e.       shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or Settlement Class Members that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13.       The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.       Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's

claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment, (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

15.     Any plan of allocation submitted by Lead Counsel, or any order entered regarding the allowance or disallowance, in whole or in part, of any attorneys' fees and/or Litigation Expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment. The Released Parties have no responsibility for, and no liability with respect to (i) the investment or distribution of the Settlement Amount under any plan of allocation, or (ii) the attorneys' fees or Litigation Expenses that the Court may or may not award.

16.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     The Escrow Account, into which Defendants have deposited the Settlement Amount, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code 468B and the Treasury Regulations promulgated thereunder.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York

_November 3_ , 2014

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

13

**Exhibit 1**

**Entities That Have Timley and Validly Requested Exclusion from the Settlement**

**Texas County and District Retirement System**
**FDIC as Receiver for United Western Bank**
**Federal Home Loan Bank of San Francisco**
**AIG Asset Management**
> American General Life Insurance Company
> American Home Assurance Company
> National Union Fire Insurance Co. of Pittsburgh, Pa.
> The Variable Annuity Life Insurance Company

**Federal Home Loan Bank of Boston**
**NCUA (as Liquidating Agent)**
> U.S. Central Federal Credit Union
> Members United Corporate Federal Credit Union
> Western Corporate Federal Credit Union

**Federal Home Loan Bank of Seattle**
**Dexia Credit**
> Dexia SA/NV
> Dexia Holdings, Inc.
> Dexia Credit Local, SA
> Dexia Credit Local, New York Branch
> FSA Asset Management

**Deutsche Zentral-Genossenschaftsbank AG (DZ Bank AG)**
**Massachusetts Mutual Life Insurance Company**
**PIMCO**
> Equity Trustees Limited as responsible entity for PIMCO
> PIMCO Cayman Trust: PIMCO Cayman Global Bond (NZD-Hedged) Fund
> PIMCO Funds: Global Investors Series plc, Low Average Duration Fund
> PIMCO Funds: Global Investors Series plc, Total Return Bond Fund
> PIMCO Funds: PIMCO Total Return Fund
> PIMCO Global Credit Opportunity Master Fund LDC
> Equity Trustees Limited as responsible entity for PIMCO Australian Bond Fund
> Equity Trustees Limited as responsible entity for PIMCO Global Credit Fund
> PCM Fund, Inc.
> PIMCO Absolute Return Strategy 3D Offshore Fund Ltd.
> PIMCO Absolute Return Strategy IV Master Fund LDC
> PIMCO Absolute Return Strategy V Master Fund LDC
> PIMCO Bermuda Trust II: PIMCO Bermuda Emerging Markets Bond Fund (M)
> PIMCO Bermuda Trust II: PIMCO Emerging Bond Income Fund (M)
> PIMCO Bermuda Trust II: PIMCO Bermuda Emerging Markets Bond Fund II

PIMCO Bermuda Trust II: PIMCO Bermuda Income Fund (M)
PIMCO Bermuda Trust II: PIMCO Bermuda U.S. High Yield Fund (M)
PIMCO Bermuda Trust II: PIMCO Bermuda U.S. High Yield Fund II (M)
PIMCO Bermuda Trust IV: PIMCO Bermuda Developing Local Markets Fund
PIMCO Bermuda Trust IV: PIMCO Bermuda Global Bond Ex-Japan Fund
PIMCO Bermuda Trust IV: PIMCO Emerging Bond Strategy Fund
PIMCO Bermuda Trust IV: PIMCO Global High Yield Strategy Fund
PIMCO Bermuda Trust: PIMCO Emerging Markets Bond Fund (M)
PIMCO Cayman Trust - PIMCO Cayman Global High Income Fund
PIMCO Cayman Trust : PIMCO Cayman Global Ex-Japan Bond Fund
PIMCO Cayman Trust: PIMCO Cayman Australian Multi-Sector Fund
PIMCO Cayman Trust: PIMCO Cayman Global Aggregate Bond Fund
PIMCO Cayman Trust: PIMCO Cayman Global Aggregate Ex-Japan (Yen-Hedged)
Income Fund
PIMCO Cayman Trust: PIMCO Cayman Global Aggregate Ex-Japan Income Fund
PIMCO Cayman Trust: PIMCO Cayman Global Ex-Japan (Yen-Hedged) Bond Fund
PIMCO Cayman Trust: PIMCO Cayman U.S. Total Return Fund
PIMCO Combined Alpha Strategies Master Fund LDC
PIMCO Distressed Mortgage Fund II, L.P.
PIMCO Distressed Senior Credit Opportunities Fund II, L.P.
PIMCO Dynamic Income Fund
PIMCO Equity Series: PIMCO Balanced Income Fund
PIMCO Funds: Global Investors Series plc, Diversified Income Fund
PIMCO Funds: Global Investors Series plc, Euro Bond Fund
PIMCO Funds: Global Investors Series plc, Global Bond Ex-US Fund
PIMCO Funds: Global Investors Series plc, Global Bond Fund
PIMCO Funds: Global Investors Series plc, Global High Yield Bond Fund
PIMCO Funds: Global Investors Series plc, High Yield Bond Fund
PIMCO Funds: Global Investors Series plc, Income Fund
PIMCO Funds: Global Investors Series plc, Strategic Income Fund
PIMCO Funds: PIMCO CommodityRealReturn Strategy Fund®
PIMCO Funds: PIMCO Diversified Income Fund
PIMCO Funds: PIMCO Emerging Local Bond Fund
PIMCO Funds: PIMCO Emerging Markets Bond Fund
PIMCO Funds: PIMCO Extended Duration Fund
PIMCO Funds: PIMCO Floating Income Fund
PIMCO Funds: PIMCO Foreign Bond Fund (U.S. Dollar-Hedged)
PIMCO Funds: PIMCO Foreign Bond Fund (Unhedged)
PIMCO Funds: PIMCO Global Bond Fund (U.S. Dollar-Hedged)
PIMCO Funds: PIMCO Global Bond Fund (Unhedged)

PIMCO Funds: PIMCO High Yield Fund
PIMCO Funds: PIMCO Income Fund
PIMCO Funds: PIMCO Inflation Response Multi-Asset Fund
PIMCO Funds: PIMCO Investment Grade Corporate Bond Fund
PIMCO Funds: PIMCO Long Duration Total Return Fund
PIMCO Funds: PIMCO Moderate Duration Fund
PIMCO Funds: PIMCO Real Return Asset Fund
PIMCO Funds: PIMCO Short-Term Fund
PIMCO Funds: PIMCO Unconstrained Bond Fund
PIMCO Funds: Private Account Portfolio Series Asset-Backed Securities Portfolio
PIMCO Funds: Private Account Portfolio Series Developing Local Markets Portfolio
PIMCO Funds: Private Account Portfolio Series Emerging Markets Portfolio
PIMCO Funds: Private Account Portfolio Series High Yield Portfolio
PIMCO Funds: Private Account Portfolio Series Mortgage Portfolio
PIMCO Funds: Private Account Portfolio Series Short-Term Portfolio
PIMCO Global StocksPLUS & Income Fund
PIMCO High Income Fund
PIMCO Income Opportunity Fund
PIMCO Monthly Income Fund (Canada)
PIMCO Variable Insurance Trust: PIMCO Global Bond Portfolio (Unhedged)
PIMCO Variable Insurance Trust: PIMCO High Yield Portfolio
PIMCO Variable Insurance Trust: PIMCO Short-Term Portfolio
StocksPLUS, L.P. Fund B
**Virginia Retirement System**