

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS VACATION FUND and BOILERMAKER BLACKSMITH NATIONAL PENSION TRUST, *on Behalf of Themselves and All Others Similarly Situated,*<br><br>Plaintiffs,<br><br>v.<br><br>THE ROYAL BANK OF SCOTLAND GROUP, PLC, et al.,<br><br>Defendants. | Case No.: 08-CV-5093 (LAP) (DCF) |

### ORDER ON LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

Lead Counsel's Motion For An Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Fee Application") duly came before the Court for a hearing on October 28, 2014. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the October 28, 2014 hearing. Due and adequate notice having been given to the Class as required by the Court's July 18, 2014 Order Preliminarily Approving Settlement And Providing For Notice ("Preliminary Approval Order, ECF No. 270), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation," ECF No. 265), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5. The Fee Application is hereby GRANTED

6. Lead Counsel are hereby awarded attorneys' fees in the amount of __17__ % of the Settlement Fund and $__2,243,198.24/100__ in reimbursement of Lead Counsel's litigation expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Fund), which sums the Court finds to be fair and reasonable, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

7. Pursuant to paragraph 22 of the Stipulation, the fees and expenses awarded herein shall be paid to Lead Counsel within ten (10) days of the later of entry of (a) this Order; and (b) entry of the Order granting Final Approval of Settlement, notwithstanding the existence of any timely filed objections thereto, if any, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay all such

amounts with interest pursuant to the terms and conditions set forth in paragraph 16 of the Stipulation.

8. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement has created a fund of $275 million in cash that has been funded into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and that Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

   b. The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

   c. Copies of the Notice were mailed to over 4,775 potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 19% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $3 million, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.

   d. Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

   e. The Action involves complex factual and legal issues and was actively prosecuted for over six years;

3

  f. Had the Settlement not been achieved, there would remain a significant risk that Lead Plaintiff and the other members of the Class may have recovered less or nothing from Defendants;

  g. Plaintiffs' Counsel devoted over 45,000 hours, with a lodestar value of over $20 million, to achieve the Settlement; and

  h. The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with terms of the Stipulation.

IT IS SO ORDERED.

Dated: New York, New York
   November 5, 2014

            /s/ Loretta A. Preska
            HONORABLE LORETTA A. PRESKA
            UNITED STATES DISTRICT JUDGE