

Joel P. Laitman
(212) 750-7581
jlaitman@cohenmilstein.com

April 14, 2015

**BY HAND AND ECF**

The Honorable Loretta A. Preska
Chief United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, New York  10007-1312

    Re:    *New Jersey Carpenters Vacation Fund v. The Royal Bank of Scotland Group, plc, et al.,* Civ. No. 08-5093 (LAP)

Dear Chief Judge Preska:

    We serve as Court-appointed Lead Counsel to the certified Settlement Class in the above-captioned case and write, per your request, on behalf of the Settlement Class in response to the March 31, 2015 letter to the Court sent by the LBBW Opt-Outs ("LBBW") in further support of their special request to partially rescind their prior Opt Out filing and rejoin the Class while simultaneously retaining their right to receive a "contingent, additional" payment from Defendants.

    We address the specific issue raised by Your Honor's April 13, 2015 Order, "whether any possible additional payment received if allowed to rejoin the Class is justified because the Individual Action included an additional securitization, MHL 2006-1, that was not included in the Class Action."  We believe it is not.  Prior to initially writing to the Court on March 30, 2015 we inquired of Counsel for LBBW and Defendants whether the additional payments LBBW will potentially receive from Defendants over and above the payout from the Settlement fund were solely for losses sustained in connection to the MHL 2006-1 Offering or were, at least in part, meant as compensation for losses sustained from purchases on the Harborview Offerings at issue in this Settlement[1] as well. We were advised that the additional payments were ***not*** solely

---

[1] The Harborview Certificates represent over 70% of the $243 million face amount of bonds at issue in the LBBW Complaint.

Cohen Milstein Sellers & Toll PLLC    88 Pine Street    14th Floor    New York, NY  10005
t 212.838.7797    f 212.838.7745    www.cohenmilstein.com

1988602.1

The Honorable Loretta A. Preska
April 14, 2015
Page 2

attributable to LBBW's MHL 2006-1 Certificates.  *See also* March 30, 2015 Letter of Joel P. Laitman, Dkt 290, n. 2.  This means that the LBBW Opt-Outs will be getting compensation for their losses **on Harborview Certificates** as a result of their private litigation -- a prospect all other Class Members had to forego as a condition to receiving settlement funds.

Significantly, the case law cited by Defendants does not support rescission under these circumstances.  In *In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873 (E.D. Pa. 1982), the Court specifically overcame its reservations about rescinding the opt out filing because it was provided adequate assurances that *the additional funds were compensation for claims not at issue in the settled litigation*.  *Id*. at *3.  Here, not only has there been no such assurance, but we were advised to the contrary by Counsel with knowledge of LBBW's separate settlement with Defendants.

As we believe LBBW's position is inequitable and unsupported by case law, we are forced to oppose their request to rejoin the Class on the terms they propose.

Respectfully submitted,

*/s/ Joel P. Laitman*

Joel P. Laitman
Cohen Milstein Sellers & Toll PLLC

1988602.1